IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ELGIN Z. HAYNIE,

    Petitioner,

v.

WARDEN, TIM BUCHANAN,
NOBEL CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:18-CV-1781
JUDGE GEORGE C. SMITH
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. (ECF No. 4). Petitioner seeks release from confinement imposed as part of the judgment in a state-court criminal action. The case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to United States Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so appear, the petition must be dismissed. *Id*. For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED** pursuant to Rule 4.

### I. FACTS AND PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

{¶ 7} On or about February 17, 2016, Appellant Elgin Z. Haynie was indicted on one count of Trafficking in Drugs (Methamphetamine) (Major Drug Offender Specification), a felony of the first degree; one count of Engaging in a Pattern of Corrupt Activity, a felony of the first degree; one count of Money Laundering (Forfeiture Specification), a felony of the third degree; and one count of Money Laundering, a felony of the third degree.

{¶ 8} Appellant lived in Burbank, California and would send large quantities of methamphetamine by mail to Walter Coffee, Appellant's co-defendant, who lived in Muskingum County, Ohio. Packages were tracked and delivered to Coffee's residence when members of the Central Ohio Drug Enforcement Task Force executed a search warrant and arrested Coffee.

{¶ 9} Coffee disclosed to detectives that Appellant would send him large quantities of drugs—methamphetamine, cocaine, and marijuana once—by mail. He would sell it here in Ohio and deposit money into an account with Bank of America for Appellant. Coffee would even travel out of state to the nearest Bank of America to deposit large sums of money.

{¶ 10} Detectives executed a warrant on the Bank of America account, which was in the name of Ugly Movement, a business owned by Appellant. They were able to trace a number of transactions in which Coffee would travel out of state, deposit thousands of dollars, and Appellant would withdraw the money in California.

{¶ 11} Coffee told detectives that he had been in business with Appellant since 2004, had stopped selling cocaine because it cost too much, and took a hiatus with selling methamphetamine between 2012–2015 because he was in school, but recently started selling it again. Coffee explained that he would deposit money into two accounts, one in the name of Appellant, and another in the name of Ugly Movement, which was a company that Appellant created to launder money.

{¶ 12} Detectives travelled to California, arrested Appellant, and brought him to Ohio. His defense attorney set up a proffer with the Muskingum County Prosecutor's Office and also with the Drug Enforcement Agency ("DEA"). During Appellant's proffer, he admitted to all of his own involvement, but refused to provide information on anyone new.

{¶ 13} On August 24, 2016, Appellant pled guilty to all counts in the indictment, count one (1) being amended to dismiss the Major Drug Offender Specification.

{¶ 14} On September 26, 2016, Appellant was sentenced to an aggregate term of sixteen (16) years in prison.

{¶ 15} On October 31, 2016, Appellant filed a Motion for Appointment of Counsel, an affidavit of indigency, and a Motion for Preparation of Complete Transcript of Proceedings at State Expense.

{¶ 16} Appellant never filed a direct appeal.

{¶ 17} On June 19, 2017, Appellant filed a petition for post-conviction relief.

{¶ 18} On July 6, 2017, the trial court denied Appellant's motion and his request for a hearing, finding that Appellant failed to show deficient performance of his defense counsel, or prejudice, or prosecutorial misconduct; it also found that Appellant was barred by the doctrine of res judicata.

{¶ 19} Appellant now appeals, raising the following Assignment of Error on appeal:

ASSIGNMENT OF ERROR

{¶ 20} "I. THE TRIAL JUDGE ERRED IN FAILING TO GRANT THE APPELLANT AN EVIDENTIARY HEARING AS IS REQUIRED BY R.C. 2953.21(E)."

*State v. Haynie*, 5th Dist. No. CT2017-0046, 2017 WL 6015780, at \*1-2 (Ohio Ct. App. Dec. 1, 2017). On May 9, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Haynie*, 152 Ohio St.3d 1463 (Ohio 2018).

On December 26, 2018, Petitioner filed this habeas corpus Petition. He indicates that he executed it on December 19, 2018. (ECF No. 1, PAGEID # 10.) He asserts that he is actually innocent and that the trial court improperly failed to grant him an evidentiary hearing in post-conviction proceedings (claim one); that he is actually innocent and was denied the effective assistance of counsel because his attorney failed to investigate and submit the State's case for adversarial testing, making his guilty plea not knowing, intelligent, or voluntary (claim two); and that the state courts improperly applied *res judicata* to bar review of his post-conviction claims (claim three). The undersigned concludes that Petitioner's claims plainly are waived or otherwise fail to provide a basis for relief.

3

## II. ANALYSIS

### A. Actual Innocence

To the extent that Petitioner raises a free-standing claim that he is actually innocent of the charges against him, this claim does not provide him the relief he seeks. *See Legrone v. Birkett*, 571 F. App'x 417, 421 (6th Cir. 2014) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)) ("[C]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation . . . ."); *see also Patterson v. Tibbals*, No. 3:16-cv-098, 2018 WL 3957404, at *4 (S.D. Ohio Aug. 17, 2018) (claim of actual innocence fails to state a claim upon which relief can be granted) (citations omitted). Thus, Petitioner's claim of actual innocence does not assist him here.

### B. Errors in Post-Conviction Proceedings/Ineffective Assistance of Counsel

Petitioner asserts that the state courts improperly refused to provide him an evidentiary hearing prior to the dismissal of his petition for post-conviction relief and erroneously applied Ohio's doctrine of *res judicata* to bar review of his claim of the denial of the effective assistance of counsel, raised in the first instance in his petition for post-conviction relief. As the state appellate correctly explained, however, Petitioner had waived his claim of the denial of the effective assistance of counsel by entering his guilty plea:

> [B]y entering a plea of guilty, the defendant is not only stating that he committed the acts described in the indictment; he is admitting guilt of a substantive crime. *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Thus, when a defendant enters a plea of guilty as a part of a plea bargain he waives all appealable errors, unless those errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Kelley*, 57 Ohio St.3d 127, 128, 566 N.E.2d 658 (1991); *State v. Barnett*, 73 Ohio App.3d 244, 249, 596 N.E.2d 1101 (2d Dist.1991). Appellant entered a plea of guilty and neither in his petition or appellate brief does he argue that his plea was less than knowing and voluntary.

> {¶ 27} Appellant further fails to demonstrate in what manner he was prejudiced by trial counsel's performance. A claim of ineffective assistance of counsel is waived by a guilty plea, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent and voluntary. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014–Ohio–3415, ¶ 11 (internal citations omitted). Where a defendant has entered a guilty plea, the defendant can prevail on an ineffective assistance of counsel claim only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pled guilty to the offenses at issue and would have insisted on going to trial. *Williams* at ¶ 11 (internal citations omitted). Here, Appellant has not expressly alleged at the trial level or on appeal that his plea was less than knowing, intelligent and voluntary.

*State v. Haynie*, 2017 WL 6015780, at *3. *See Hawkins v. Rivard*, No. 16-1406, 2016 WL 6775952, at *5 (6th Cir. Nov. 10, 2016) (claim regarding counsel's alleged failure to investigate is foreclosed by the entry of the petitioner's guilty plea) (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Stiger*, 20 F. App'x 307, 308-09 (6th Cir. 2001)).

Moreover, errors in state post-conviction proceedings do not provide a basis for federal habeas corpus relief. "The Sixth Circuit has held that claims challenging state post-conviction proceedings are not subject to review under the federal habeas corpus statute[.]" *Crockett v. Sloan*, No. 1:16-cv-00550, 2017 WL 1058741, at *10 (N.D. Ohio Jan. 9, 2017) (citing *Kirby v. Dutton*, 794 F.2d 245, 246–247 (6th Cir. 1986)). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Id*. at 246 (quoting *Preiser v. Rodriquez*, 411 U.S. 475, 484 (1973)).

> Federal habeas review is not available to attack the legality of post-conviction proceedings because such proceedings are not related to a petitioner's detention. *Kirby*, 794 F.2d at 247; *see also Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Alley v. Bell*, 307 F.3d 380, 387 (6th Cir. 2002). Petitioner's claim "must directly dispute the fact or duration of the confinement." *Kirby,* 794 F.2d at 248 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A ground for relief that challenges the correctness of a state judicial proceeding and does not dispute the detention itself is not cognizable. *See Kirby*, 794 F.2d at 247–48.

*Wright v. Lazaroff*, 643 F. Supp. 2d 971, 990-91 (S.D. Ohio 2009) (footnote omitted). *See also Leonard v. Warden, Ohio State Penitentiary*, 846 F.3d 832, 854 (6th Cir. 2017) (federal habeas corpus does not lie for challenges to a state's scheme of post-conviction relief) (citing *Greer v. Mitchell*, 264 F.3d at 681) (citing *Kirby v. Dutton*, 794 F.2d at 246; *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) ("the writ is not the proper means" to challenge "collateral matters" as opposed to "the underlying state conviction giving rise to the prisoner's incarceration") (internal citations omitted)). "Errors or deficiencies in post conviction proceedings are not properly considered in habeas corpus proceedings." *Hayden v. Warden, Marion Corr. Inst.*, No. 2:15-cv-2927, 2016 WL 2648776, at *3 (S.D. Ohio May 10, 2016) (citations omitted); *see also Bollar v. Miller,* No. 4:09-cv-472, 2009 WL 5217098, at *8 (N.D. Ohio Dec. 30, 2009) ("Such a request is the quintessential example of what is not cognizable in a federal habeas petition." (citations omitted)). Therefore, to the extent that Petitioner raises claims regarding the alleged errors in post-conviction proceedings, these claims likewise do not provide him a basis for relief.

**C.     Guilty Plea**

Petitioner asserts that his guilty plea was not knowing, intelligent, or voluntary based on the ineffective assistance of counsel. However, as discussed above, he failed to present this same claim to the state courts. Therefore, he has procedurally defaulted this claim for review in these proceedings.

　　**1.  Procedural Default**

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction

between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present his claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Anderson v. Harless*, 459 U.S. 4, 6, 103 (1982) (per curiam) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This requires the petitioner to present "the same claim under the same theory" to the state courts before raising it on federal habeas review. *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case; that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, the Court must determine whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that the petitioner did not comply with a state procedural rule and that the rule was an adequate and independent state ground, then the petitioner must demonstrate cause for his failure to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir.), *cert. denied sub nom. Leroy v. Morris*, 474 U.S. 831 (1985).

In light of the fourth part of the *Maupin* analysis, in order to establish cause, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute cause, an ineffective assistance of counsel claim generally must "'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Id*. at 452 (quoting *Murray*, 477 U.S. at 479). That is because before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore

must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir.), *cert. denied*, 546 U.S. 1017 (2005). Or, if the claim is procedurally defaulted, petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards*, 529 U.S. at 450–51. The Supreme Court explained the importance of this requirement:

> We recognized the inseparability of the exhaustion rule and the procedural-default doctrine in *Coleman*: "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." 501 U.S., at 732, 111 S. Ct. 2546, 115 L.Ed.2d 640. We again considered the interplay between exhaustion and procedural default last Term in *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999), concluding that the latter doctrine was necessary to "'protect the integrity' of the federal exhaustion rule." Id. at 848, 526 U.S. 838, 119 S. Ct. 1728, 144 L.Ed.2d 1 (quoting id., at 853, 526 U.S. 838, 119 S. Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting)). The purposes of the exhaustion requirement, we said, would be utterly defeated if the prisoner were able to obtain federal habeas review simply by "'letting the time run' " so that state remedies were no longer available. *Id*. at 848, 526 U.S. 838, 119 S. Ct. 1728, 144 L.Ed.2d 1. Those purposes would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it. In such circumstances, though the prisoner would have "concededly exhausted his state remedies," it could hardly be said that, as comity and federalism require, the State had been given a "fair 'opportunity to pass upon [his claims].'" *Id.* at 854, 526 U.S. 838, 119 S. Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting) (emphasis added) (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S. Ct. 587, 94 L.Ed. 761 (1950)).

*Id*. at 452–53.

If, after considering all four factors of the *Maupin* test, the Court concludes that a procedural default occurred, it must not consider the procedurally defaulted claim on the merits unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in

a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray*, 477 U.S. at 495–96), *cert. denied*, 135 S. Ct. 1545 (2015).

### 2. Application

Here, Petitioner asserts that his guilty plea was not knowing, intelligent, or voluntary based on Walter Coffee's recanting affidavit. (*Petition*, ECF No. 1, PAGEID #4.) However, the appellate court explicitly noted that Petitioner had failed to raise this issue in post-conviction proceedings. He cannot do so now. Moreover, he most certainly cannot meet the stringent requirements for consideration of this claim in a successive post-conviction petition. *See* Ohio Rev. Code § 2953.23.[1] Thus, he has procedurally defaulted this claim for relief. *See Love v. Warden, Ross Corr. Inst.*, No. 2:16-cv-19, 2017 WL 2728597, at *3 (S.D. Ohio June 26, 2017)

---

[1] O.R.C. § 2953.23 provides in relevant part:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(citing *Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013); *Harris v. Warden, Chillicothe Corr. Inst.*, 832 F.Supp.2d 873, 806 (S.D. Ohio 2011) (citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)).[2]

### III. DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED**.

### PROCEDURE ON OBJECTION

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised

---

[2] To the extent that this claim may be readily apparent from the face of the record, this action remains subject to dismissal as unexhausted, because Petitioner apparently has never filed an appeal, and he may still pursue a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A). 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*___
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE