**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ELGIN Z. HAYNIE,**

      **Petitioner,**

      v.

**CASE NO. 2:18-CV-1781
JUDGE GEORGE C. SMITH
Magistrate Judge Vascura**

**WARDEN, TIM BUCHANAN,
NOBEL CORRECTIONAL INSTITUTION,**

      **Respondent.**

**OPINION AND ORDER**

On January 23, 2019, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the Petition for a writ of habeas corpus be dismissed. (ECF No. 2.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 3.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (ECF No. 3) is **OVERRULED**. The Report and Recommendation (ECF No. 2) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his convictions pursuant to his guilty plea in the Muskingum County Court of Common Pleas on trafficking in methamphetamine, engaging in a pattern of corrupt activity, and two counts of money laundering. He asserts that he is actually innocent and the trial court improperly failed to grant him an evidentiary hearing in post-conviction proceedings (claim one); that he is actually innocent and was denied the effective assistance of

counsel because his attorney failed to investigate and submit the State's case for adversarial testing, making his guilty plea not knowing, intelligent, or voluntary (claim two); and that the state courts improperly applied *res judicata* to bar review of his post-conviction claims (claim three). The Magistrate Judge recommended dismissal of Petitioner's claims as waived or without merit.

Petitioner objects to those recommendations. He seeks consideration of his claim of actual innocence based upon the alleged recantation of a prosecution witness in connection with his claim of the denial of the effective assistance of counsel, or as a basis for consideration of his otherwise procedurally defaulted claims for relief. Petitioner argues that this case involves a manifest miscarriage of justice, because he pleaded guilty based on the false allegations of a recanting prosecution witness who falsely identified Petitioner as his supplier in order to receive a lesser sentence. (*Objection,* ECF No. 3, PAGEID # 27.) He contends that the state appellate court incorrectly indicated that he had not raised a claim that his guilty plea was not knowing, intelligent, or voluntary based on his attorney's failure to investigate, in post-conviction proceedings. Referring to *Martinez v. Ryan*, 566 U.S. 1 (2012), Petitioner further asserts, as cause for any procedural default, the denial of the effective assistance of counsel in the filing of his petition for post-conviction relief.

In *Martinez*, the Supreme Court held that, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17. Here, however, the state appellate court refused to address the merits of Petitioner's claims in post-conviction proceedings due to

2

his failure to raise the issues on direct appeal, and in view of the entry of his guilty plea. *State v. Haynie*, 2017 WL 6015780, at *3. Petitioner's claim now that he nonetheless is actually innocent in view of a purported recantation from a prosecution witness does not provide cause for this waiver, or for his procedural default. Although a recanting affidavit may be considered in support of a gateway claim of actual innocence, *see Souter v. Jones*, 395 F.3d 577, 593 n. 8 (6th Cir. 2005) (citing *Workman v. Bell*, 227 F.3d 331, 337-38 (6th Cir. 2000)), recantation testimony of this type is viewed with "extreme suspicion", and it does not provide the type of reliable evidence required to establish a petitioner's actual innocence so as to excuse his default. *See Mahaffey v. Scutt*, No. 12-cv-13743, 2014 WL 4206947, at *6 n.2 (E.D. Mich. Aug. 25, 2014) (citing *Carter v. Mitchell*, 443 F.3d 517, 539 (6th Cir. 2006)); *see also Callender v. Warden, Ross Correctional Institution*, No. 2:16-cv-1120, 2017 WL 3674909, at *4 (S.D. Ohio Aug. 24, 2017) (and cases cited therein).

A petitioner must overcome a high hurdle in order to establish a "gateway" claim of actual innocence.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup [v. Delo]*, 513 U.S. [298,] 316 [ (1995) ]. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id. at 317, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808.... "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808.

*Souter*, at 589-90 (footnote omitted).

Where, as here, "the petitioner is claiming actual innocence after having entered a guilty plea, '[t]he application of *Schlup* . . . creates a host of analytical difficulties," because the Petitioner has already confirmed his guilt "through the solemnity of a plea colloquy." *Wiles v. Warden*, No. 1:14-cv-685, 2015 WL 4467766, at *6 (S.D. Ohio July 21, 2015) (citing *Eads v. Bottom*, No. 6:13–CV–29–JMH–REW, 2014 WL 2742581, at *5 (E.D. Ky. June 12, 2014) (and cases cited therein as recognizing those problems)).

> [P]etitioner's claim of actual innocence is contradicted by the fact that petitioner pleaded guilty in open court. . . which amounted to an admission that he committed those offenses. *Cf. Dyson v. Tibbals*, No. 5:13cv321, 2014 WL 2890519, at *16 (N.D. Ohio June 25, 2014) (holding that a credible claim of actual innocence had not been shown because petitioner's guilty plea, as well as statements made by the petitioner during sentencing, "contradict[ed] any claim of actual innocence"); *Eads, supra*, 2014 WL 2742581, at *7–10 & n.11 (in rejecting the petitioner's actual-innocence claim based on unreliable affidavits submitted by two witnesses years after the offense without explanation and in opposition to statements made by the witnesses at the time of the offense, the district court concluded that "ultimately, [the petitioner's] own words sink his argument" given that the petitioner had signed a plea agreement admitting to the offenses at issue); *Pugh v. Sheldon*, No. 1:10cv1648, 2011 WL 8185586, at *12 (N.D. Ohio July 8, 2011) (Report & Recommendation) (quoting *Logan v. Booker*, No. 2:06cv14240, 2007 WL 2225887, at *4 (E.D. Mich. Aug. 1, 2007)) ("When considering a petitioner's assertion that he is innocent, 'the self-inculpatory statements he made under oath at his plea allocution carry a strong presumption of verity, and the court, in reviewing the belated claims of innocence, must draw all permissible inferences in favor of the government and against the defendant.' "), *adopted,* 2012 WL 2533405 (N.D. Ohio June 29, 2012); *Gilmer v. Curtin*, No. 1:13cv425, 2014 WL 769447, at *6 (W.D. Mich. Feb. 26, 2014) ("While pleading guilty may not outright preclude Petitioner from claiming actual innocence, ... it seriously undermines his claim."). *Cf. Everard v. United States*, 102 F.3d 763, 766 (6th Cir. 1996) (holding that the petitioner's "claimed lack of knowledge," which stood "in stark contrast to his admissions of guilt before the district court," was insufficient to overturn his guilty plea).

*Id*. at *8.

Moreover, Petitioner's allegation that he pleaded guilty based on the false testimony of a prosecution witness who later recanted his statement against the Petitioner is entirely without evidentiary support. When he made this argument in state post conviction proceedings, the state

appellate court noted that he relied chiefly on "his own self-serving affidavit" and on "an affidavit from his co-defendant" presenting an "undeveloped suggestion that the aforesaid evidence would have revealed discrepancies in his case." *State v. Haynie*, 5th Dist. No. CT2017-0046, 2017 WL 6015780, at *2-3 (Ohio Ct. App. Dec. 1, 2017).  However, there is no reference to any recanting affidavit from a prosecution witness, and Petitioner has provided no such affidavit in support of his claim here.  Thus, *Martinez* does not assist him.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability.  "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).  When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.*

5

The Court is not persuaded that reasonable jurists would debate this Court's dismissal of Petitioner's claims as waived or as failing to provide a basis for federal habeas corpus relief. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

     **IT IS SO ORDERED**.

*/s/ George C. Smith*
**GEORGE C. SMITH**
**UNITED STATES DISTRICT JUDGE**