IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ELGIN Z. HAYNIE,

    Petitioner,

v.

WARDEN,
NOBLE CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:18-cv-1781
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

**OPINION AND ORDER**

Final judgment dismissing this habeas corpus action was entered on February 26, 2019. (ECF Nos. 4 and 5.)  This matter is before the Court[1] for consideration of Petitioner's Motion for Relief from Judgment.  (ECF No. 15.)  Because Petitioner's arguments fail to meet the standard for relief from judgment, the motion is DENIED.

**I. Overview and Procedural History**

Petitioner seeks relief from the Court's February 26, 2019, Opinion and Order adopting the Magistrate Judge's January 23, 2019, Report and Recommendation.  The Court agreed with the Magistrate Judge that Petitioner's action should be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases[2] because Petitioner's claims were plainly waived or without

---

[1] The instant action was randomly reassigned from Senior Judge George C. Smith to the Undersigned on November 18, 2022.  (ECF No. 16.)

[2] Rule 4 provides in relevant part:  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rules Governing Section 2254 Cases in the United States District Courts; *see also* 28 U.S.C. § 2243 (requiring the writ to be awarded or a

merit. Specifically, the Court held that Petitioner's claims—actual innocence (one); involuntary guilty plea due to actual innocence and ineffective assistance (two); and improper application of *res judicata* (three)—were barred by procedural default for not having been raised, or otherwise failed to provide a basis for habeas relief. (Report and Recommendation, ECF No. 2, at PageID 16; Opinion and Order, ECF No. 4, at PageID 41.) The Court also declined to certify any issues for appeal. (Opinion and Order, ECF No. 4, at PageID 40-41.)

The United States Court of Appeals likewise declined Petitioner's requests for a certificate of appealability. Specifically, the Sixth Circuit found that reasonable jurists would not disagree that Petitioner's first and third grounds are not cognizable in habeas corpus, and that even if reasonable jurists would debate whether Petitioner's second claim was barred by *res judicata*, they would not debate whether claim two was arguably meritorious. (Order, ECF No. 13, at PageID 82-83.)

In arguing for relief from judgment, Petitioner suggests that the Magistrate Judge relied on an erroneous depiction of his postconviction claims by the state appellate court to conclude that Petitioner could not overcome the procedural default of his claims challenging the validity of his guilty plea. (Motion for Relief, ECF No. 15, at PageID 86-87.) Petitioner additionally argues, based on the Magistrate Judge's observation about the availability of a delayed direct appeal, that the state courts' decision denying his recent motion for leave to pursue a delayed appeal constitutes newly discovered evidence warranting relief from judgment. (*Id*. at PageID 87-88.) Petitioner's arguments do not meet the standard for relief from judgment.

---

show cause order to be issued "unless it appears from the application that the applicant or person detailed is not entitled thereto.").

## II.  Legal Standards

Rule 60(b) of the Federal Rules of Civil Procedure provides:

Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

(5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Under Rule 60(c), all Rule 60(b) motions for relief must be filed within a reasonable time, and motions filed under subsections (1), (2), or (3) must be filed no later than one year from the date of the judgment challenged.  Fed. R. Civ. P. 60(c)(1); *see also Kemp v. United States*, 142 S.Ct. 1856, 1861 (2022).  Rule 60(b) motions filed under the "catch-all" (6) subsection have no fixed deadline, but again, must be filed within a "reasonable time." Reasonableness is a fact-specific determination evaluated by considering a petitioner's diligence in seeking relief.  *Miller v. Mays*, 879 F.3d 691, 699 (6th Cir. 2018).  Factors to consider include the facts of the case, the length and circumstances of the delay, any prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief.  *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (internal citations omitted).

Petitioner herein does not specify under which subsection of Rule 60(b) he seeks relief. On the one hand, he offers "newly discovered evidence" as a reason that relief from judgment is warranted. But "newly discovered evidence" is addressed by clause (2) of Fed. R. Civ. P. 60(b), and any motion for relief from judgment pursuant to the first three clauses must be filed within one year from the judgment at issue. Fed. R. Civ. P. 60(c). On the other hand, Petitioner uses language, such as "interest of justice," that tends to invoke Rule 60(b)(6). (ECF No. 15, at PageID 88.) Out of an abundance of caution and indulging Petitioner every benefit of the doubt, the Court construes his motion under Rule 60(b)(6).

Rule 60(b)(6) "vests courts with a deep reservoir of equitable power to vacate judgments 'to achieve substantial justice' in the most 'unusual and extreme situations.' " *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir. 2018) (quoting *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007)). It "applies only in exceptional or extraordinary circumstances where principles of equity mandate relief[,] " *West v. Carpenter*, 790 F.3d 693, 696-97 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013)), and only where not expressly addressed by the first five numbered clauses, *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015); *Broach v. City of Cincinnati*, 244 Fed. App'x 729, 735 (6th Cir. 2007) (citations omitted). Such circumstances rarely occur in habeas cases. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Further, Rule 60(b)(6) "does not grant a defeated litigant 'a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.' " *Johnson v. Merlak*, Case No. 4:18-cv-1062, 2019 WL 1300215, at *2 (N.D. Ohio March 21, 2019) (quoting *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). The public policy favoring the finality of judgments and the termination of litigation further circumscribes the application of Rule 60(b)(6). *Blue Diamond Coal Co. v. Trustees of UMWA*

*Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (citation omitted). A claim of legal error, without facts establishing extraordinary and exceptional circumstances, does not provide a basis for Rule 60(b)(6) relief. *West v. Bell*, Case No. 3:01-cv-91, 2010 WL 4363402, at *4 (E.D. Tenn. Oct. 27, 2010) (citing *Gonzalez*, 545 U.S. at 535). And it is the petitioner's burden to establish, by clear and convincing evidence, a basis for relief. *Johnson*, 2019 WL 1300215, at *2 (citing *Info-Hold, Inc. v. Sound Merck, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

### III. Discussion

The Court remains of the view that dismissal of this action pursuant to Rule 4 was warranted because Petitioner's claims are either plainly forfeited by Petitioner's guilty plea—a guilty plea that Petitioner's proffered affidavits and arguments do not invalidate—or plainly insufficient to support habeas corpus relief. His arguments now do not persuade the Court otherwise, and fall short of the standard for Rule 60(b) relief from judgment.

The Court is willing to assume that the instant motion was filed within "a reasonable time." From the time that the Sixth Circuit denied Petitioner's requests for a certificate of appealability until Petitioner filed his motion for relief from judgment here, Petitioner was attempting to pursue a delayed direct appeal (Motion for Relief, ECF Nos. 15, at PageID 87)—a remedy mentioned as possibly available by the Magistrate Judge in recommending that Petitioner's habeas action be dismissed, (Report and Recommendations, ECF No. 2, at PageID 24, n.2.). Petitioner filed the instant motion within nine months after the Supreme Court of Ohio's entry declining Petitioner's appeal—a period of time that does not strike the Court as unreasonable. (Motion for Relief, ECF No. 15, at PageID 95.)

Turning to Petitioner's arguments, Petitioner appears to assert that his unsuccessful pursuit of a delayed direct appeal opens the door for this Court to reconsider its judgment

5

dismissing his habeas action. Specifically, Petitioner asserts that the state appellate court's decision withdrawing leave to pursue a delayed direct appeal constitutes "newly discovered evidence" that warrants relief from judgment. Petitioner's argument fails for several reasons.

As a preliminary matter, to the extent that Petitioner offers "newly discovered evidence" as a basis for relief from judgment, that is addressed by clause (2) of Fed. R. Civ. P. 60(b), and as noted above, Rule 60(b)(6)'s catch-all provision does not apply to circumstances expressly addressed by one of the five enumerated clauses. Because any motion for relief from judgment pursuant to Rule 60(b)(2)'s "newly discovered evidence" clause must be filed within one year from the February 26, 2019, judgment, the instant motion would be subject to denial as untimely. Fed. R. Civ. P. 60(c). But even if considered under the Rule 60(b)(6) catch-all provision, Petitioner's "newly discovered evidence" argument is unpersuasive for several additional reasons.

The Magistrate Judge remarked that, "[t]o the extent that [Petitioner's claim challenging the validity of his plea] may be readily apparent from the face of the record, this action remains subject to dismissal as unexhausted, because Petitioner apparently has never filed an appeal, and he may still pursue a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A)." (Report and Recommendations, ECF No. 2, at PageID 24, n.2. (citations omitted).) Seizing on that remark, Petitioner sought leave to pursue a delayed direct appeal. The state appellate court initially granted Petitioner leave, but then withdrew that leave as improvidently granted because, unbeknownst to the appellate court when it granted the request, Petitioner had once filed a notice of appeal just after entering his guilty plea but had failed to file a docketing statement and apparently did not respond to an order directing him to remedy that failure. (Motion for Relief, ECF No. 15, at PageID 90-91.) In withdrawing leave, the state appellate court made note of its

6

decision years earlier affirming the trial court's denial of Petitioner's postconviction action on the grounds that Petitioner's claims could have been raised on direct appeal and that Petitioner's claims were otherwise waived by his knowingly and voluntarily entered guilty plea. (Motion for Relief, ECF No. 15, at PageID 91.) The Court finds Petitioner's argument that this decision somehow opens the door for reconsideration unpersuasive for several reasons.

First, the Court rejects Petitioner's argument that the state appellate court's judgment entry denying his motion for leave to pursue a delayed direct appeal constitutes "newly discovered evidence" warranting reconsideration. (Motion for Relief, ECF No. 15, at PageID 87.) As a general rule, "newly discovered evidence" is evidence that was not previously available or discoverable. *CGH Transport, Inc. v. Quebecor World Inc.*, 261 Fed. App'x 817, 823 (6th Cir. 2008). Evidence is considered unavailable only if it could not, in the exercise or reasonable diligence, have been submitted earlier. *Cameron v. Hess Corp.*, Case No. 2:12-cv-168, 2013 WL 6157999, at *3 (S.D. Ohio Nov. 25, 2013). Here, irrespective of whether the state appellate court's decision could technically be regarded as "not previously available," Petitioner's argument fails *not* on the definition of "newly discovered," *but* on the definition of "evidence."

Under Fed. R. Evid. 401, evidence is relevant if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Petitioner asserts that the state appellate court's judgment entry "directly contradicts the facts outlined by the R & R and the judgment dismissal, Exhibit E, demonstrating Petitioner only failed to *sign* the docketing statement." (Motion for Relief, ECF No. 15, at PageID 87-88.) But Petitioner does not explain, and it is not otherwise apparent to the Court, how the state appellate court's decision dismissing as

7

improvidently granted Petitioner's motion for leave to pursue a delayed direct appeal makes more or less probable any of Petitioner's habeas claims or arguments in support of his request for relief from judgment.  That being so, the Court cannot find that the state appellate court's decision denying leave to pursue a delayed direct appeal credibly constitutes "newly discovered evidence" sufficient to support relief from judgment.

Petitioner's motion suffers from additional flaws.  First, he reasons that "[w]hile the availability of state-court remedies only played a small role in Magistrate [Judge] Vascura's analysis, it definitely was the deciding factor in her recommendation that *res judicata* was adequate – which sealed Petitioner's fate on his validity of plea challenge." (Motion for Relief, ECF No. 15, at PageID 88.)  That reasoning is specious.  As noted above, the Magistrate Judge stated in a footnote, that, "*[t]o the extent that* this claim *may* be readily apparent from the face of the record, this action remains subject to dismissal as unexhausted, because Petitioner apparently never filed an appeal, and he may still pursue a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A)." (Report and Recommendations, ECF No. 2, at PageID 24, n.2 (emphasis added and citations omitted).)  The Magistrate Judge did not state that Petitioner's claim was definitely apparent from the face of the record.  Nor did the Magistrate Judge guarantee or even suggest that Petitioner's pursuit of a delayed direct appeal would warrant reconsideration of the recommendation that Petitioner's habeas petition be dismissed.  Thus, it tests the limits of credulity to construe that sentence, relegated to a footnote, as a "deciding factor" that "sealed Petitioner's fate" vis-à-vis his challenge to the validity of his guilty plea.

Second, notwithstanding what the Magistrate Judge opined about the possible availability of a delayed direct appeal, the Sixth Circuit, in denying Petitioner's request for a certificate of appealability, appears to have questioned whether Petitioner's challenge to his guilty plea was

8

apparent from the face of the record and thus challengeable on direct appeal. Specifically, the Sixth Circuit stated that, "[r]easonable jurists would debate whether the Ohio Court of Appeals properly concluded that res judicata barred consideration of this claim on the merits, and therefore whether Haynie procedurally defaulted it, *because the claim was based on evidence outside of the trial-court record*." (Order, ECF No. 13, at PageID 82 (emphasis added).) In so stating, the Sixth Circuit essentially confirmed that the procedural default at issue was not Petitioner's failure to raise his plea challenge on direct appeal, but his failure to expressly allege in his postconviction petition that his plea was less than knowing, intelligent, and voluntary. That being so, nothing in connection with Petitioner's failed pursuit of a delayed direct appeal lifts, or is otherwise relevant to, the procedural default that he committed by not expressly alleging in his postconviction petition that his plea was less than knowing, intelligent, and voluntary.

Moreover, any argument about the state courts' enforcement of *res judicata* is immaterial because the Sixth Circuit, in denying application for a certificate of appealability, also found Petitioner's plea challenge to be without merit. After questioning whether Petitioner's ineffective assistance claim, and corresponding invalid guilty plea claim, were barred by *res judicata*, the Sixth Circuit went on to state: "But even if the district court's procedural ruling were debatable, reasonable jurists would not debate whether Haynie stated an arguably meritorious claim for habeas relief." (Order, ECF No. 13, at PageID 82 (citing *Dufresne v. Palmer*, 876 F.3d 248, 254 (6th Cir. 2017) (per curiam)).) The Sixth Circuit continued:

> Haynie's claim is based on his attorney's alleged failure to investigate Coffee adequately, who told the police that Haynie was involved in the drug-trafficking and money-laundering conspiracy, but later recanted and said that Haynie was innocent. This failure to investigate, Haynie claimed, invalidated his guilty plea. In other words, Haynie speculates that, even though Coffee had already implicated him in the conspiracy to the police, Coffee would have recanted if his attorney had

9

>   interviewed Coffee before he [Haynie] pleaded guilty.  But the affidavits of recanting witnesses "are viewed with 'extreme suspicion.' " *Knickerbocker v. Wolfenbarger*, 212 F. App'x 426, 433 (6th Cir. 2007) (quoting *United States v. Willis*, 257 F.3d 636, 645 (6th Cir. 2001)), and Haynie cites no authority for the proposition that an attorney's performance is constitutionally deficient for not anticipating that a prosecution witness would recant after the petitioner was convicted.  Reasonable jurists therefore would not debate whether Haynie has overcome the "strong presumption" that his attorney's performance fell "within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984).  Consequently, reasonable jurists would not debate whether Haynie's guilty plea was involuntary. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (holding that a guilty plea bars habeas claims related to pre-plea constitutional violations except those that "attack the voluntary and intelligent character of the guilty plea.").

(Order, ECF No. 13, at PageID 82-83.)  The above is tantamount to a determination that Petitioner's claim challenging his guilty plea on the basis of ineffective assistance and his alleged actual innocence is without merit.  That is a determination that binds this Court and Petitioner.  None of Petitioner's arguments are sufficient to undermine the Sixth Circuit's conclusion, much less satisfy the stringent standard for Rule 60(b) relief from judgment.

Petitioner also suggests that his original attempt in 2016 to challenge the validity of his conviction on direct appeal was thwarted "because he probably forgot to sign [his motion for appointment of counsel] like he forgot to sign the docketing statement." (Motion for Relief, ECF No. 15, at PageID 88.)  Petitioner additionally argues that misstatements made by the state appellate court caused the Magistrate Judge's review of his habeas petition to be incomplete, that he should be allowed to amend his petition, and that he was denied the opportunity to challenge the validity of his conviction through a delayed appeal because he was without the assistance of counsel.  (ECF No. 15, at PageID 88-89.)  These arguments do not address the rationale of this Court's judgment—namely that Petitioner's claims were plainly waived or otherwise insufficient to support habeas relief--or undermine the Sixth Circuit's observations about Petitioner's claims lacking merit.

10

In sum, Petitioner's guilty plea waived most appealable issues. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). A petitioner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing, intelligent, and voluntary. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Tollett*, 411 U.S. at 267. But any challenge to the validity of Petitioner's plea on the basis of the alleged ineffective assistance of counsel was waived since it was not expressly raised in postconviction. And even if Petitioner disputes that waiver, his claims of ineffective assistance and an invalid plea were determined by the Sixth Circuit to be without merit. Finally, any substantive claims of actual innocence or errors in the postconviction process plainly are not cognizable in habeas corpus. *See, e.g., Leonard v. Warden*, 846 F.3d 832, 854-55 (6th Cir. 2017) ("This Court has held that habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief.") (internal quotation marks and citations omitted); *Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits").[3] Therefore, the Court **DENIES** Petitioner's Motion for Relief from Judgment.

---

[3] In his Objections to the Report and Recommendations, Petitioner quoted a portion of *Herrera v. Collins* purporting to open a door for free-standing claims of actual innocence supported by newly discovered evidence that bears upon the constitutionality of the applicant's detention. (Objections, ECF No. 3, at PageID 27.) In reality, that "opening" was voiced in dicta, and was limited to capital cases. *Herrera*, 506 U.S. at 417 ("in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas corpus relief if there were no state avenue open to process such a claim."). And the Supreme Court has yet, in the thirty years since *Herrera* was issued, to recognize a freestanding claim of actual innocence in habeas corpus. *See Hale v. Shoop*, Case No. 1:18-cv-504, 2021 WL 1215793, at *114 (N.D. Ohio Mar. 31,

Before a habeas petitioner may appeal the denial of a motion for relief from judgment filed pursuant to Fed. R. Civ. P. 60(b), a certificate of appealability must issue. *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007). "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 576 U.S. 1071, 135 S.Ct. 2647, 2650 (2015) (Sotomayor, J., dissenting from denial of *certiorari*); *see also* 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and the jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

For the reasons stated herein, the Court is not persuaded that reasonable jurists would debate the original dismissal of Petitioner's action pursuant to Rule 4 of the Rules Governing

---

2021) ("Since *Herrera*, however, the Supreme Court has never applied a freestanding actual innocence claim." (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013))).

Section 2254 Cases, or the instant decision denying his motion for relief from judgment. The Court therefore **DECLINES** to issue a certificate of appealability. The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal is **DENIED**.

### IV. Conclusion

For the foregoing reasons, Petitioner's Motion for Relief from Judgment (ECF No. 15) is **DENIED**. The **JUDGMENT** entered on February 26, 2019 (ECF No. 5) **REMAINS IN EFFECT**. This case remains closed.

**IT IS SO ORDERED.**


**3/8/2023**                                           **s/Edmund A. Sargus, Jr.**
**DATE**                                               **EDMUND A. SARGUS, JR.**
                                                       **UNITED STATES DISTRICT JUDGE**